**Edward Lionel BLAKE, Petitioner– Appellant,**

v.

**Edward PEREZ, Respondent–Appellee.**

**No. 04–40701.**

**Conference Calendar.**

United States Court of Appeals, Fifth Circuit.

Decided Feb. 23, 2005.

Edward L Blake, # 79357–079, Federal Correctional Institution, Three Rivers, TX, pro se.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, Respondent–Appellee.

Before BARKSDALE, GARZA, and STEWART, Circuit Judges.

PER CURIAM: *

Edward Lionel Blake, now federal prisoner # 79357–079, was sentenced to concurrent 360 month terms of imprisonment for conspiracy to possess with intent to distribute cocaine base and possession with intent to distribute cocaine base. At the time of this conviction and sentence, Blake already was serving undischarged state terms of imprisonment for violation of parole. Blake's federal sentence was ordered to run concurrently with his undischarged state sentences. Blake appeals the district court's denial of his 28 U.S.C. § 2241 petition, which sought credit on his federal sentence for the time he spent serving his state sentences prior to the imposition of his federal sentence.

Because Blake received credit against his state sentences for the time he served prior to the imposition of his federal sentence, he cannot receive credit against his federal sentence for that same time. *See* 18 U.S.C. § 3585(b). Blake also is not entitled to a credit for those times when he was in federal custody pursuant to a writ of habeas corpus ad prosequendam. *See United States v. Brown,* 753 F.2d 455, 456 (5th Cir.1985).

To the extent that Blake is challenging the district court's application of, or failure

---

to apply, U.S.S.G. § 5G1.3, he is challenging the sentence imposed, which is cognizable in a 28 U.S.C. § 2255 motion rather than under 28 U.S.C. § 2241. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

Accordingly, the district court's judgment is AFFIRMED.

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. zR. 47.5.4.